UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

APR 12 2017

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | Criminal No. |
| v. | § § | **UNDER SEAL** |
| **BRENDA RODRIGUEZ,** | § § | |
| **Defendant.** | § § | |

### INDICTMENT      17 CR 0 2 2 2

The Grand Jury charges:

### General Allegations

At all times material to this Indictment, unless otherwise specified:

1. The Medicare Program ("Medicare") was a federal healthcare program providing benefits to individuals who were over the age of 65 or disabled. Medicare was administered by the United States Department of Health and Human Services, through its agency, the Centers for Medicare and Medicaid Services ("CMS"). Individuals receiving benefits under Medicare were referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

3. "Part A" of the Medicare program covered certain eligible home-healthcare costs for medical services provided by a home healthcare agency ("HHA") to beneficiaries requiring home-health services because of an illness or disability causing them to be homebound. Payments for home-healthcare services were typically made directly to a HHA based on claims submitted to the Medicare program for qualifying services that had been provided to eligible beneficiaries, rather than to the beneficiaries.

4. Physicians, clinics, and other healthcare providers, including HHAs that provided services to Medicare beneficiaries, were able to apply for and obtain a Medicare "provider number." A healthcare provider that was issued a Medicare provider number was able to file claims with Medicare to obtain reimbursement for services provided to beneficiaries. A Medicare claim was required to set forth, among other things, the beneficiary's name and Medicare identification number, the services that were performed for the beneficiary, the date the services were provided, the cost of the services, and the name and identification number of the physician or other healthcare provider that ordered the services.

5. The Medicare program paid for home-health services only if the patient qualified for home-healthcare benefits. A patient qualified for home-healthcare benefits only if:

    a. the patient was confined to the home, also referred to as homebound;

    b. the patient was under the care of a physician who specifically determined there was a need for home healthcare and established the Plan of Care (or "POC"); and

    c. the determining physician signed a certification statement specifying that:

        i. the beneficiary needed intermittent skilled nursing services, physical therapy, or speech therapy;

        ii. the beneficiary was confined to the home;

        iii. a POC for furnishing services was established and periodically reviewed; and

        iv. the services were furnished while the beneficiary was under the care of the physician who established the POC.

## DEFENDANT

6. **BRENDA RODRIGUEZ**, a resident of Harris County, Texas, owned and operated QC Medical Clinic ("QC"), a purported medical clinic.

7. QC purportedly provided medical services to Medicare beneficiaries from in or around October 2012 through in or around August 2015.

8. From in or around January 2013 to in or around February 2015, QC purported to do business at 9050 Cook Road in Houston, Texas. From in or around February 2015 to in or around August 2015, QC purported to do business at 9898 Bissonnet Street, Suites 400, 410 and 420, in Houston, Texas.

## CO-CONSPIRATORS

9. Dr. John P. Ramirez was a physician licensed by the State of Texas and worked at QC from in or around October 2012 through in or around August 2015.

10. Co-conspirators, known and unknown, of **BRENDA RODRIGUEZ** and Dr. John P. Ramirez included HHA owners and operators. These co-conspirators at HHAs billed Medicare for home-health services for Medicare beneficiaries that were not medically necessary, not provided or both.

# COUNT 1

## Conspiracy to Commit Healthcare Fraud
## (Violation of 18 U.S.C. § 1349)

11. Paragraphs 1 through 10 are re-alleged and incorporated by reference as if fully set forth herein.

12. From in or around October 2012 through in or around August 2015, the exact dates being unknown to the Grand Jury, in the Houston Division of the Southern District of Texas, and elsewhere, defendant

## BRENDA RODRIGUEZ

did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the grand jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a healthcare benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, said healthcare benefit program, in connection with the delivery of and payment for healthcare benefits, items, and services.

## Purpose of the Conspiracy

13. It was a purpose of the conspiracy for **BRENDA RODRIGUEZ** and Dr. John P. Ramirez, and others known and unknown to the Grand Jury, to unlawfully enrich themselves by (a) providing false and fraudulent POCs to HHAs, (b) causing the submission and concealment of false and fraudulent claims to Medicare, and the receipt and transfer of proceeds from the fraud, and (c) causing the diversion of the proceeds of the fraud for the personal use and benefit of defendant and her co-conspirators.

## Manner and Means of the Conspiracy

The manner and means by which defendant sought to accomplish the purpose of the conspiracy included, among other things:

14. HHAs sent to QC the names of Medicare beneficiaries to be certified for home-health services.

15. **BRENDA RODRIGUEZ**, Dr. John P. Ramirez, and other co-conspirators, known and unknown, made it appear as if Medicare beneficiaries qualified for and received home-health services when those services were not medically necessary, not provided or both.

16. **BRENDA RODRIGUEZ** and other co-conspirators, known and unknown, at QC falsified medical documents to make it appear as if Medicare beneficiaries qualified for home-health services.

17. Dr. John P. Ramirez signed POCs for Medicare beneficiaries certifying that they were under his care, when in fact, they were not under his care. Dr. John P. Ramirez also signed POCs for Medicare beneficiaries certifying that they were home bound, when in fact, the patients were not home bound.

18. **BRENDA RODRIGUEZ** paid Dr. John P. Ramirez to sign these fraudulent POCs.

19. **BRENDA RODRIGUEZ** sold POCs signed by Dr. John P. Ramirez to co-conspirators at HHAs. These co-conspirators at HHAs billed Medicare for purported home-health services that were not medically necessary, not provided or both.

20. From in or around October 2012 through in or around August 2015, **BRENDA RODRIGUEZ**, Dr. John P. Ramirez, and other co-conspirators, known and unknown, caused the submission to Medicare of fraudulent claims for home-health services submitted by co-conspirators at HHAs where Dr. John P. Ramirez was listed as the purported referring physician.

HHAs billed Medicare approximately $11,062,832.39 on these fraudulent claims. Medicare paid HHAs approximately $11,641,052.93 on these fraudulent claims.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2-4
### Healthcare Fraud
### (Violation of 18 U.S.C. §§ 1347 and 2)

21. Paragraphs 1 through 10 and 14 through 20 are re-alleged and incorporated by reference as if fully set forth herein.

22. On or about the date specified below, in the Houston Division of the Southern District of Texas, and elsewhere, defendant

### BRENDA RODRIGUEZ

aided and abetted by, and aiding and abetting, others known and unknown to the Grand Jury, in connection with the delivery of and payment for healthcare benefits, items, and services, did knowingly and willfully execute and attempt to execute, a scheme and artifice to defraud a healthcare benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of Medicare, as set forth below:

6

| Count | Medicare Beneficiary | HHA | Description | On or About Dates of Services | Approximate Medicare Payment |
|---|---|---|---|---|---|
| 2 | J.C. | Texas Tender Care | Certification | March 18, 2015 to April 21, 2015 | $2,148.33 |
| 3 | W.B. | Texas Tender Care | Certification | March 18, 2015 to May 11, 2015 | $2,148.33 |
| 4 | D.R. | Niron | Recertification | March 16, 2015 to May 14, 2015 | $1,485.44 |

All in violation of Title 18, United States Code, Section 1347.

# CRIMINAL FORFEITURE
## (18 U.S.C. § 982(a)(7))

Pursuant to Title 18, United States Code, Section 982(a)(7), the United States of America gives notice to defendant **BRENDA RODRIGUEZ** that upon conviction, all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense is subject to forfeiture.

## Money Judgment

23. Defendant **BRENDA RODRIGUEZ** is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, which is approximately $11,641,052.93.

## Substitute Assets

a. Defendant **BRENDA RODRIGUEZ** is notified that if any of the forfeitable property, or any portion thereof, as a result of any act or omission of defendant or her co-conspirators:

b. cannot be located upon the exercise of due diligence;

c. has been transferred, or sold to, or deposited with a third party;

d. has been placed beyond the jurisdiction of the Court;

e. has been substantially diminished in value; or

f. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of defendant up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

ORIGINAL SIGNATURE ON FILE

FOREPERSON

ABE MARTINEZ
ACTING UNITED STATES ATTORNEY

Scott P. Armstrong
TRIAL ATTORNEY
CRIMINAL DIVISION
FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

Tina Ansari
ASSISTANT UNITED STATES ATTORNEY
U.S. ATTORNEY'S OFFICE
FOR THE SOUTHERN DISTRICT OF TEXAS