UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Crim No. 4:17-CR-222 |
| | § | |
| BRENDA RODRIGUEZ | § | |

## MOTION FOR RECUSAL

The United States, by and through the undersigned Assistant United States Attorney, hereby moves this Court to recuse itself from presiding over this case. Pursuant to Title 28, United States Code, Sections 144, 455(a), and 455(b)(1), the United States asserts that this Court has a personal bias or prejudice against the United States, and that this Court's impartiality might reasonably be questioned in this case. A supporting affidavit and certificate are attached. *See* 28 U.S.C. § 144.

### A. *Background.*

A grand jury indicted defendant Brenda Rodriguez (Rodriguez) on April 12, 2017,[1] charging her with conspiracy to commit health care fraud (Count 1) and health care fraud (Counts 2 through 4). Rodriguez pleaded not guilty,[2] and this Court set the case for trial, ultimately scheduling a final pretrial conference for January 14, 2019.[3]

---

[1] Docket Sheet, *United States v. Rodriguez*, Southern District of Texas Criminal Case No. 17-222, entry no. 1 ("Docket No. 1").

[2] Docket No. 13.

[3] Docket No. 32.

The United States assigned the undersigned Assistant United States Attorney (AUSA), Tina Ansari, to prosecute this case from its outset. AUSA Ansari signed the indictment,[4] and also represented the United States at Rodriguez's initial appearance on April 20, 2017.[5]

On February 6, 2017, this Court dismissed with prejudice another case being prosecuted by AUSA Ansari, *United States v. Swenson*.[6] The *Swenson* case was AUSA Ansari's first prosecution before this Court. In dismissing the indictment, this Court excoriated AUSA Ansari for discovery mistakes, stating: "You're supposed to know what you're doing. You're supposed to be the one thinking of stuff."[7] This Court subsequently stated: "It was lot simpler when you guys wore dark suits, white shirts and navy ties.... We didn't let girls do it in the old days."[8]

This Court thereafter denied the United States' motion for reconsideration of the dismissal, on February 24, 2017. The United States then appealed the dismissal. The United States Court of Appeals for the Fifth Circuit reversed the dismissal on July 3, 2018, and directed that the *Swenson* case be reassigned to a different district judge.[9] In its opinion, the Fifth Circuit castigated this Court, stating that this Court's comments about women, regardless of whether they were directed at the prosecutor personally or at other women in the room, were "demeaning, inappropriate, and beneath the dignity of a federal judge."[10] This Court thereafter made

---

[4] Docket No. 1.

[5] Docket No. 6.

[6] *United States v. Swenson*, Southern District of Texas Criminal Case No. H-15-402.

[7] *United States v. Swenson*, 894 F.3d 677, 681 (5th Cir. 2018).

[8] *Id.*

[9] *Swenson*, 894 F.3d at 685.

[10] *Swenson*, 894 F.3d at 686 n.3.

statements to the media regarding the Fifth Circuit's decision and stating that the "prosecutor supplied a quotation to the court of appeals that had been cut to make it appear that I was talking to her."[11]

The instant case against Rodriguez represents AUSA Ansari's first appearance before this Court since the Fifth Circuit's reversal in *Swenson*. On January 14, 2019, AUSA Ansari appeared before this Court on behalf of the United States at a pretrial conference. At the outset of the hearing, this Court took the bench and promptly addressed AUSA Ansari by name, stating "you are now excused." This Court offered no rationale or explanation for this action. AUSA Ansari left the courtroom.

Four days later, on January 18, 2019, AUSA Ansari and her co-counsel again appeared before this Court, for a second pretrial conference. This Court again excused AUSA Ansari from the courtroom, and indicated that it would not allow AUSA Ansari to participate in the case. AUSA Ansari asked this Court for an explanation for its action – this Court refused to provide any explanation or justification for its action. AUSA Ansari left the courtroom.

United States Attorney (USA) Ryan Patrick was present in the courtroom for this exchange. When this Court expelled AUSA Ansari from the courtroom, USA Patrick approached the bench and asked this Court for an explanation or rationale for its decision to bar AUSA Ansari from participating in this case on behalf of the United States. This Court then engaged in a lengthy discourse expressing its dissatisfaction and disagreement with the Fifth Circuit's decision in *Swenson*. This Court indicated that it was displeased with the Fifth

---

[11] Houston Chronicle, "Federal Judge Lynn Hughes Criticized by Appeals Court for 'Demeaning' Sexist Remarks in Criminal Case," Jul. 6, 2018, available at https://www.chron.com/news/houston-texas/houston/article/Federal-Judge-Lynn-Hughes-criticized-by-federal-13054643.php.

Circuit's opinion in *Swenson* and that the opinion resulted from lies and misrepresentations of the record in the United States' brief in that appeal. Consistent with its prior statement to the media, this Court asserted that comments that the Fifth Circuit had seen as demeaning and inappropriate were not in fact directed at AUSA Ansari, but rather at others in the room. This Court indicated that it believed the United States Attorney's Office had knowingly presented those comments to the Fifth Circuit in a misleading manner, in order to give the impression that this Court had been speaking to AUSA Ansari. This Court also stated that it had conveyed to the United States Attorney's Office that it believed the United States' brief in *Swenson* was misleading, that the office should have withdrawn the brief in response to this Court's version of events, and that this Court was disappointed that the office had not done so. At the conclusion of this colloquy, USA Patrick asked to be excused and left the pretrial conference.

Thereafter, during discussions with additional counsel for the United States regarding a possible continuance, this Court stated again referred to the *Swenson* case and his displeasure with AUSA Ansari and the United States Attorney's Office in that matter. He subsequently denied the continuance request.

### B. Law.

Parties enjoy a "constitutional right to have 'a neutral and detached judge' preside over judicial proceedings."[12] Accordingly, Title 28, United States Code, Section 144, provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but

---

[12] 13A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure, § 3541, (2d ed. 1984) (citing *Ward v. Village of Monroeville*, 409 U.S. 57 (1972)).

another judge shall be assigned to hear such proceeding."[13]  Additionally, section 455(b)(1) of Title 28 provides for recusal whenever a judge "has a personal bias or prejudice concerning a party."[14]  Title 28, United States Code, Section 455(a), provides that any judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[15]  Section 144 relates to charges of actual bias or prejudice, while section 455 addresses an appearance of bias or prejudice.[16]

The threshold requirement under section 144 is that a party file an affidavit demonstrating personal bias or prejudice against that party by the judge.[17]  At that point, the judge is required to pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matter alleged.[18]  The bias must be personal, as opposed to judicial, in nature.[19]  A personal bias, in the context of sections 144 and 455(b)(1), means a bias of a continuing and personal nature.[20]  If the alleged facts alleged would convince a reasonable person that the judge had an actual, personal extrajudicial bias or prejudice against a party or its counsel, then recusal is appropriate.[21]

---

[13]  28 U.S.C. § 144.

[14]  28 U.S.C. § 455(b)(1).

[15]  28 U.S.C. § 455(a).

[16]  *See Liteky v. United States*, 510 U.S. 540, 547-48 (1994); *see also Matassarin v. Lynch*, 174 F.3d 549, 570 (5th Cir. 1999).

[17]  *See Parrish v. Bd. of Comm'rs of the Ala. State Bar*, 524 F.2d 98, 100 (5th Cir. 1975) (*en banc*).

[18]  *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 517 F.2d 1044, 1051 (5th Cir. 1975).

[19]  *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).

[20]  *See Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990).

[21]  *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Section 455, meanwhile, requires a judge to recuse himself when his impartiality might reasonably be questioned. The appearance of impartiality controls this analysis, not whether the judge subjectively believes himself to harbor bias or prejudice.[22] Recusal under section 455 is required if a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality.[23]

The Supreme Court has observed that while "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion," they would constitute a basis for such a motion if they "display a deep-seated favoritism or antagonism that would make fair judgment impossible."[24]

### C. Analysis.

#### 1. The accompanying affidavit is timely filed, accompanied by the necessary certificate, and is legally sufficient.

Pursuant to 28 U.S.C. § 144, attached to this motion is the affidavit[25] of AUSA Jason Smith, on behalf of the United States, stating facts reflecting that this Court has a personal bias against the United States. The affidavit is timely filed: it is filed with reasonable diligence after

---

[22] *See Haskett v. Orange Energy Corp.*, 161 F. Supp. 3d 471, 473 (S.D. Tex. 2015) (Rosenthal, J.) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988)).

[23] *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003).

[24] *Liteky*, 510 U.S. at 555.

[25] *See* Appendix A.

the facts giving rise to this Court's bias became known.[26] The affidavit is also accompanied by the necessary certificate of counsel of record.[27]

The affidavit is also legally sufficient. The affidavit alleges facts as discussed in Section A above, and gives "fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment."[28] The affidavit states facts that are material and particular; they would convince a reasonable person that bias exists, and that the bias is personal, and not judicial, in nature.[29] This Court should conclude that recusal is therefore appropriate.

### 2. *This Court's actions demonstrate actual bias against the United States and AUSA Ansari.*

This Court expelled AUSA Ansari from the courtroom, twice, in based on her service as the United States' counsel in the *Swenson* case – a case in which the appellate court chastised this Court for its conduct. In reversing this Court's dismissal in *Swenson*, the Fifth Circuit found that this Court's comments were "demeaning, inappropriate, and beneath the dignity of a federal judge."[30] Now, after *Swenson*, this Court is retaliating against AUSA Ansari and the United States, expelling AUSA Ansari from the courtroom, forbidding her from serving as counsel, and denying the United States its counsel of choice in this case. This Court's actions demonstrate its negative predisposition against the United States and its chosen counsel. It is

---

[26] *See United States v. Olis*, 571 F. Supp. 3d 777, 781 (S.D. Tex. 2008) (Lake, J.). The two pretrial conferences giving rise to the affidavit and this motion occurred within the past five days. Indeed, the second pretrial conference occurred yesterday—Friday, January 18, 2019.

[27] *See* Appendix B.

[28] *See Parrish*, 524 F.2d at 100 (citing *Berger v. United States*, 255 U.S. 22, 33 (1921)).

[29] *Parrish*, 524 F.2d at 100; *see also United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

[30] *Swenson*, 894 F.3d at 681 n.3.

plain that this Court considers the United States' actions in the *Swenson* appeal to be a personal affront.[31] This Court suffers from actual bias against both the United States and AUSA Ansari: this bias is not merely judicial in nature, but rather is personal. Without recusal, the United States will suffer from the bias felt by this Court towards both the United States and AUSA Ansari. This Court should therefore recuse itself from presiding over further proceedings in this case.[32]

### 3. *This Court's actions and statements evince an appearance of partiality.*

For the same reasons, this Court should recuse itself based on an appearance of partiality. No well-informed, thoughtful, and objective observer,[33] in light of the facts, would conclude that this Court can afford the United States a fair trial in this case. Section 455 was designed to avoid situations like that presented here, where the case would be infected with the appearance of impropriety because of the judge's vehement bias against a party and its counsel.

This Court made it abundantly clear, both in open court and in the press, that it not only disagrees with the United States' appellate brief in the *Swenson* case, but also that it believes the United States and its attorneys misled the Fifth Circuit and wrongly failed to withdraw the United States' brief once this Court expressed its view of the in-court events in *Swenson*. This Court's view is not merely a disagreement with the United States' litigation position in *Swenson*, but is also an expression of antagonism so deeply rooted and pervasive as to render this Court biased and unable to render a fair judgment in this case. Expelling AUSA Ansari from the

---

[31] *Cf. Matter of Johnson*, 921 F.2d 585, 587 (5th Cir. 1991).

[32] *See* 28 U.S.C. § 144; *see also* 28 U.S.C. §455(b)(1).

[33] *See Trust Co. v. N.N.P.*, 104 F.3d 1478, 1491 (5th Cir. 1997).

courtroom – twice – and forbidding her from serving as counsel for the United States in this matter evinces the Court's obvious antagonism against AUSA Ansari personally, and its antagonism against the United States for defending her actions.

This Court should recuse itself from further participation in this case because it has actual bias against the United States and AUSA Ansari because of the *Swenson* case. Because a reasonable observer with knowledge of the facts would question this Court's impartiality in presiding over this case, this Court should recuse itself.

### D. Conclusion.

This Court should recuse itself from further participation in this case. A proposed order is attached.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney


\_\_\_/s/ Tina Ansari_____
Tina Ansari
Assistant United States Attorney
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 567-9598

DATE: January 19, 2019

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Motion for Recusal was electronically filed and served on counsel of record via the electronic case filing (ECF) system for the United States District Court for the Southern District of Texas, on January 19, 2019.

                                     __/s/ Tina Ansari_____
                                     Tina Ansari
                                     Assistant United States Attorney