UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | Crim No. 4:17-CR-222 |
| | § | |
| BRENDA RODRIGUEZ | § | |

AFFIDAVIT OF JASON SMITH

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| COUNTY OF HARRIS | § | |

BEFORE ME, the undersigned authority, on this day personally appeared Jason Smith, who being duly sworn, deposes and says on his oath:

1. My name is Jason Smith. I am an Assistant United States Attorney in the Southern District of Texas. I make this affidavit on behalf of the United States, which is a party in *United States v. Rodriguez* (4:17-CR-222) now pending before United States District Judge Lynn N. Hughes. The United States requests that Judge Hughes recuse himself from that matter pursuant to 28 U.S.C. § 144 because the facts set forth below reflect that Judge Hughes has a personal bias or prejudice against the United States and its chosen counsel in that matter.

2. A federal grand jury in the Southern District of Texas indicted defendant Brenda Rodriguez on April 12, 2017, charging her with conspiracy to commit health care fraud (Count 1) and health care fraud (Counts 2 through 4). Rodriguez pleaded not guilty. The case was assigned to United States District Judge Lynn Hughes. Judge Hughes set the case for trial and set a final pretrial conference for January 14, 2019.

3. A prior United States Attorney for the Southern District of Texas assigned Assistant United States Attorney (AUSA) Tina Ansari to prosecute this case from its outset. AUSA Ansari signed the indictment, represented the United States at Rodriguez's initial appearance on April 20, 2017, and filed responses to various motions earlier this month.

4. The *Rodriguez* case marked AUSA Ansari's second case before Judge Hughes.

5. AUSA Ansari had previously been assigned as the United States' counsel in *United States v. Swenson*, Southern District of Texas criminal case number 4:15-CR-402. On February 6, 2017, Judge Hughes dismissed the *Swenson* case with prejudice. The transcript of reflects that, during the proceeding at which he dismissed the indictment, Judge Hughes excoriated AUSA Ansari for discovery mistakes she had made. Judge Hughes stated: "You're supposed to know what you're doing. You're supposed to be the one thinking of stuff." The transcript also reflects that Judge

Hughes stated, "It was lot simpler when you guys wore dark suits, white shirts and navy ties.... We didn't let girls do it in the old days," although it does not indicate precisely to whom Judge Hughes was speaking.

6. Judge Hughes denied the United States' motion to reconsider the *Swensen* dismissal on February 24, 2017. The United States then appealed the dismissal. The United States Court of Appeals for the Fifth Circuit reversed the dismissal on July 3, 2018, and directed that the *Swenson* case be reassigned to a different district judge. In its opinion, the Fifth Circuit castigated Judge Hughes, stating that his comments about women, regardless of whether they were directed at the prosecutor personally or at others in the room, were "demeaning, inappropriate, and beneath the dignity of a federal judge."

7. Media reports subsequently indicated that Judge Hughes thereafter made statements to the media regarding the Fifth Circuit's decision and stating that the "prosecutor supplied a quotation to the court of appeals that had been cut to make it appear that I was talking to her."

8. The instant case against defendant Rodriguez represents AUSA Ansari's first appearance before Judge Hughes since the Fifth Circuit's reversal in *Swenson*. On January 14, 2019, AUSA Ansari appeared before Judge Hughes on behalf of the United States at a pretrial conference. At the outset of the hearing, Judge Hughes took the bench and promptly told AUSA Ansari, "you are now excused." Judge Hughes offered no rationale or explanation for dismissing her. AUSA Ansari left the courtroom.

9. Four days later, on January 18, 2019, AUSA Ansari and her co-counsel again appeared before Judge Hughes, for a second pretrial conference. Judge Hughes again directed AUSA Ansari to leave the courtroom and indicated that he would not allow AUSA Ansari to participate in the case. AUSA Ansari asked Judge Hughes for an explanation for his action, but he refused to provide any justification. AUSA Ansari left the courtroom.

10. The United States Attorney for the Southern District of Texas, Ryan K. Patrick, was in the courtroom for this exchange between Judge Hughes and AUSA Ansari. When Judge Hughes expelled AUSA Ansari, USA Patrick asked permission to be heard and then asked Judge Hughes for an explanation or rationale for his decision to bar AUSA Ansari from participating in this case on behalf of the United States. He and Judge Hughes then engaged in a lengthy discourse in which Judge Hughes expressed his dissatisfaction and disagreement with the Fifth Circuit's decision in *Swenson*. Judge Hughes indicated that he was displeased with the Fifth Circuit's opinion in *Swenson* and that the opinion resulted from lies and misrepresentations of the record in the United States' brief in that appeal. Consistent with his prior statement to the media, Judge Hughes asserted that comments that the Fifth Circuit had seen as demeaning and inappropriate were not in fact directed at AUSA Ansari, but rather at others in the room. Judge Hughes indicated that he believed the United States Attorney's Office had knowingly presented those comments to the Fifth Circuit in a misleading manner, in order to give the impression that Judge Hughes had been speaking to AUSA Ansari. Judge Hughes also stated that he had conveyed to the Office that he believed the United States' brief in *Swenson* was misleading, that the Office should have withdrawn the brief in response to Judge Hughes' stated version of events, and that

Judge Hughes was disappointed that the Office had not done so. At the conclusion of this colloquy, USA Patrick asked to be excused and left the pretrial conference.

11. Thereafter, Judge Hughes discussed a possible continuance with AUSA Ansari's co-counsel and ultimately spoke with me regarding the Government's request to continue the *Rodriguez* trial date in light of his unusual order barring AUSA Ansari from the case. During that conversation, Judge Hughes again referred to the *Swenson* case and his displeasure with AUSA Ansari and the United States Attorney's Office in that matter. He subsequently denied the continuance request.

12. Pursuant to 28 U.S.C. §§ 144 and 544(b)(1), Judge Hughes should recuse himself because the record reflects that he has an actual bias against the United States and its chosen counsel, AUSA Ansari. That bias, which is personal rather than merely judicial, appears to stem from AUSA Ansari's participation in the *Swenson* case – a case in which the appellate court chastised Judge Hughes for his conduct involving AUSA Ansari. Now, after *Swenson*, Judge Hughes appears to be retaliating against AUSA Ansari and the United States, expelling AUSA Ansari from the courtroom, forbidding her from serving as counsel, and denying the United States its counsel of choice in this case—a choice that it is statutorily entitled to make. *See* 28 U.S.C. §§ 519 and 547.

13. For the same reasons, Judge Hughes should recuse himself based on an appearance of partiality. *See* 28 U.S.C. § 455(a). A well-informed, thoughtful, and objective observer, knowing all the relevant facts, including those set forth above, would reasonably question Judge Hughes's impartiality in *United States* v. *Rodriguez*, 4:17-CR-222.

_____
Jason Smith
Assistant United States Attorney

SUBSCRIBED AND SWORN TO BEFORE ME on January 19, 2019.

CHRISTINA K. HILL
My Notary ID # 130464013
Expires December 9, 2019

_____
Notary Public, State of Texas