# Exhibit A



https://www.chron.com/news/houston-texas/houston/article/Federal-Judge-Lynn-Hughes-criticized-by-federal-13054643.php

# Federal Judge Lynn Hughes criticized by appeals court for 'demeaning' sexist remarks in criminal case

By Lise Olsen   Updated 7:29 pm CDT, Friday, July 6, 2018



**IMAGE 1 OF 12**

U.S. District Judge Lynn N. Hughes

**Click through the gallery to see some judges who have run into trouble.**

A federal appeals court this week issued **a decision criticizing U.S. District Judge Lynn N. Hughes** for allegedly targeting a female federal prosecutor in a hearing, attributing errors made by the prosecution to her sex and saying "we didn't let girls do it in the old days."

Your California Privacy Rights   Interest Based Ads   Privacy Notice   Advertising   Terms of Use   X

The 5th U.S. Circuit Court of Appeals court's decision Tuesday reversed Hughes' ruling in the case against Texas adoption agency owner Simone Swenson, reinstating fraud charges that Hughes had dismissed. In a rare move, the court also asked Houston-based Chief U.S. District Judge Lee H. Rosenthal to reassign the case to a different jurist.

**Recommended Video**

In 2017, Hughes, 73, dismissed fraud charges filed against Swenson in a ruling that blamed federal prosecutors for botching the case. Swenson had been indicted in 2015 after allegedly keeping money that she'd collected in advance from several different families whom she'd matched to the same birth mothers.

But prosecutors missed deadlines, failed to produce documents requested by the defense and made other mistakes as a 2017 trial date approached, prompting Hughes to declare that the "integrity of the prosecution had been destroyed," according to his ruling.

Hughes then "excoriated" a female prosecutor for the mistakes, according to the 5th Circuit decision.

"You're supposed to know what you're doing. You're supposed to be the one thinking of stuff, " Hughes said.

At one point, he appeared to attribute "her mistake to her sex," the decision says, saying, "It was a lot simpler when you guys wore dark suits, white shirts and navy ties… We didn't let girls do it in the old days. "

The decision was issued by a three-judge panel of 5th Circuit judges and authored by Judge Edith Brown Clement.

In an interview with the Houston Chronicle, Hughes said his remark about clothing was a side comment addressed to FBI agents, at least one of whom was a woman, and had nothing to do with the merits of the case.

Your California Privacy Rights   Interest Based Ads   Privacy Notice   Advertising   Terms of Use   X

"As the transcription shows, after I addressed the prosecutor I talked to an FBI agent about poorly dressed agents," Hughes said. "The prosecutor supplied a quotation to the court of appeals that had been cut to make it appear that I was talking to her. The remark derogated no one. It was about the exclusion of women historically. Then and now I do not approve of their exclusion. Incidentally the defense lawyer, government lawyers and FBI agent were all women."

In a footnote in the decision, Clement wrote that it was possible that the "district court was speaking not to prosecutors but to other women present at the hearing."

"Regardless, such comments are demeaning, inappropriate, and beneath the dignity of a federal judge," the footnote concludes.

Hughes has served as a U.S. district judge for the Southern District of Texas in Houston since 1985, when he was appointed to the bench by President Ronald Reagan. Over the years, he's been known to speak his mind and has made colorful and even controversial remarks in other cases assigned to his court — drawing both praise and criticism.

The prosecutor specifically criticized by Hughes is not named in the 5th Circuit ruling, though a federal hearing transcript identifies the prosecutor. She could not be reached for comment and a spokesman for the U.S. Attorney's office did not respond to an email request for comment from the Chronicle.

A hearing transcript shows that Hughes repeatedly grilled the female prosecutor about newly produced police reports and witness statements before dismissing the case last year. At one point, Hughes asked, "What else is out there that you misplaced or didn't think was relevant so you didn't check it at all?"

The prosecutor tried to assure the court that she was not intentionally withholding any information. "I have been an open book. I never try to keep anything back," she said.

In another matter, a panel of judges from the 5th Circuit in 2013 also criticized Hughes for dismissing alleged comments made by a supervisor in a case against Fort Bend ISD that if Barack Obama were to be elected president, the Statue of Liberty would have its torch replaced by a piece of fried chicken.

Your California Privacy Rights    Interest Based Ads    Privacy Notice    Advertising    Terms of Use   X

"While (the school district) challenged the statement as rank hearsay, the district judge rejected it as political, observing that 'no black individually and no blacks collectively owns [sic] the sensitivity rights to fried chicken or anything else.'"

In that case, the 5th Circuit upheld Hughes' ruling in favor of the district, but criticized him by saying, "The district judge's comment misses the mark, as it overlooks the racial component."

In a footnote in that case, circuit judges elaborated on Hughes' apparent failure to appreciate racist implications.

"When a lawyer pointed out that the reference to blacks and fried chicken was 'a long-standing racial slur,' the district judge rejoined that 'That's really surprising to Colonel Sanders.'"

In 2013, the Texas Civil Rights Project called for Hughes **to resign over other remarks** expressed in a hearing on another employment discrimination matter. According to a transcript for that case, Hughes referred to the plaintiff, an India-born engineer who'd complained of discrimination by the Texas Department of Criminal Justice, as Caucasian and not a member of a minority group, adding, "That's why Adolph Hitler used the swastika."

A spokesman for the Texas Civil Rights Project said the group had not reviewed the 5th Circuit's recent decision and declined comment on Hughes' latest remarks.

Ellen C. Yaroshefsky, executive director of the New York-based Monroe H. Freedman Institute for the Study of Legal Ethics, said she didn't believe that the comments Hughes made during the Swenson case would be tolerated in a private workplace and shouldn't be tolerated in the federal courts, which oversee discrimination matters.

"In corporate America a person would be fired for this behavior. But what has the federal judiciary done? Is there any discipline? Is there any consequence other than being taken off cases?" she asked. "There have to be consequences. If not, people don't change their conduct."

lise.olsen@chron.com

twitter.com/chrondigger

Your California Privacy Rights    Interest Based Ads    Privacy Notice    Advertising    Terms of Use   X

© 2019 Hearst Communications, Inc.

HEARST

Your California Privacy Rights   Interest Based Ads   Privacy Notice   Advertising   Terms of Use   X

The Washington Post

Post Nation

# 'We didn't let girls do it in the old days,' a judge said. 'Inappropriate,' a higher court ruled.

By Deanna Paul
July 29, 2018

Buried in a footnote, the brief rebuke nonetheless marked a notable step in abridging gender discrimination in the legal workplace: The U.S. Court of Appeals for the 5th Circuit scolded a veteran judge for making sexist comments in his Houston courtroom, calling his remarks "demeaning, inappropriate, and beneath the dignity" of his profession.

U.S. District Judge Lynn N. Hughes had been presiding over a criminal case against Simone Swenson, an adoption agency owner charged with fraud.

Under federal rules, prosecutors are permitted to wait until just before trial to turn over pieces of evidence, known as discovery. But when a female federal prosecutor delivered stacks of new documents during four pretrial conferences in early 2017 — weeks after the final discovery date set by Hughes — the septuagenarian judge was not impressed.

"You're supposed to know what you're doing," Hughes said to an assistant U.S. attorney on Feb. 6, 2017. "What else is out there that you misplaced or didn't think was relevant so you didn't check it at all?"

Hughes dismissed the Swenson indictment, faulting the prosecutor's mistakes.

Then he said something else that eventually became the basis of the rebuke.

"It was a lot simpler when you guys wore dark suits, white shirts and navy ties," Hughes said, according to the 5th Circuit. "We didn't let girls do it in the old days."

The U.S. attorney's office appealed the case's dismissal, which set up a panel of appellate judges to send back its censorious response.

In reinstating the Swenson case, the appellate court also took an unusual action: It ordered Hughes, now 76, to be replaced with a different judge.

More than a third of the 300,000 members of the American Bar Association are women, according to a recent report from the ABA's Commission on Women in the Profession, and female litigators have been subjected to male colleagues' sexist comments for decades.

Two years ago, the ABA adopted an anti-discrimination resolution in its rules of professional ethics, making harassment and discrimination grounds for findings of misconduct.

"It's important to set up a process and culture that doesn't marginalize people who legitimately say, 'You did this to me,' " said Michele Coleman Mayes, former chair of the ABA's Commission on Women in the Profession.

The resolution and the subsequent arrival of the #MeToo movement eased the way for women to come forward with claims of sexual harassment or unfair treatment, Angela Brandt, president of the National Association of Women Lawyers, told The Washington Post. Still, she said, female lawyers are hesitant to do so.

"It's a male-dominated profession," she said. "Women feel weak highlighting this type of bad behavior, and, in certain circumstances, it can jeopardize their careers."

Experts say the industry has therefore faced less scrutiny than other professions — though there have been notable exceptions: Judge Alex Kozinski, for example, resigned from the federal bench last year amid allegations of sexual misconduct. The accusations led to a review of how the judiciary handles claims of harassment, though Kozinski's abrupt retirement cut short any investigation into the merits of the allegations against him.

Hughes, who has been on the bench for almost three decades, denied the accusation of sexism. He told The Post that his comment was not directed at the prosecutor in his Houston courtroom but at an "inappropriately dressed" woman.

The 5th Circuit acknowledged that Hughes's comments may have been intended for someone other than the U.S. attorney. Nevertheless, Judge Edith Brown Clement of the 5th Circuit wrote, as Hughes "excoriated the prosecution," he "attributed the government's mistakes to the prosecutor's sex."

The female prosecutor was not named in the 5th Circuit's decision, but Assistant U.S. Attorney Tina Ansari has been prosecuting the Swenson case since 2015, according to the Justice Department.

Ansari, who attended the University of Houston Law Center and has been practicing for more than 15 years, could not be reached for comment.

Michael Sokolow, Swenson's assistant federal public defender, declined to speak about the case, which is being assigned to a new judge and rescheduled for trial.

Hughes denied favoring either sex. "After I've made it through my career with a woman's first name, of course I'm going to be sympathetic," he told The Post.

Hughes began teaching at South Texas College of Law in 1973. At that time, he said, about 6 percent of the law school's students were women. By 1985, the figure had surpassed 40 percent, leading to what Hughes called "a vast improvement in the quality of the lawyers. We're getting the best of both sexes instead of the best of one sex."

Until recently, there was little judicial precedent or federal case law addressing sexism, California attorney Lori Rifkin told The Post. The Hughes decision, she said, will help female lawyers  represent the best interests of their clients, which should never be reduced by the biases of parties involved in the litigation process.

"It's very positive that a court of appeals was willing to engage on this issue, name it and act to address the problem," said Rifkin, who said she had been a victim of belittling, gendered remarks. "Having something so head-on will empower women and other underrepresented groups in litigation to fight back against this kind of treatment."

In 2016, Rifkin moved for sanctions against her opposing counsel, a managing partner at a California law firm. A comment from him — not to raise her voice at him during a deposition because it's "not becoming of a woman" — brought on a tongue-lashing from a federal judge, who called it an "indefensible attack on opposing counsel."

The judge then ordered that he donate $250 to the Women Lawyers Association of Los Angeles Foundation.

There is not necessarily less sexism in the profession now, Rifkin said, but there is "more consciousness and a willingness especially by judges to take a role in addressing it." Now, she noted, women are doing more than whispering to one another in courthouse hallways. The conversation is happening inside the courtroom.

Still, until there are more women in positions of power in the legal industry, women who practice law will be reluctant to speak out unless the behavior was egregious, said Mayes, who led the ABA's Commission on Women in the Profession until 2017.

"You win the fight, but you lose the war," she said. "And I don't think most people are willing to lose for the cause."

Deanna Paul
Deanna Paul covers national and breaking news for The Washington Post. Before joining The Post, she spent six years as a New York City prosecutor. **Follow**



### Be the first to know.
Our award-winning journalists are there when the news breaks.

Try 1 month for $10 $1

Send me this offer

Already a subscriber? Sign in





Home  /  Daily News  /  5th Circuit criticizes federal judge for…

JUDICIARY

# 5th Circuit criticizes federal judge for alleged sexist remark about simpler times

BY DEBRA CASSENS WEISS (HTTP://WWW.ABAJOURNAL.COM/AUTHORS/4/)

POSTED JULY 9, 2018, 12:23 PM CDT

Like 66  Share        Tweet        Share



U.S. District Judge Lynn Hughes of Houston. Wikimedia Commons.

A federal appeals court has reinstated an indictment and directed the case be assigned to a new federal judge following the initial judge's alleged remarks about the female prosecutor in the case.

The New Orleans-based 5th U.S. Circuit Court of Appeals criticized the remarks by U.S. District Judge Lynn Hughes of Houston in a July 3 opinion (https://images.law.com/contrib/content/uploads/documents/401/9248/Swenson.pdf), report the Houston Chronicle (https://www.chron.com/news/houston-texas/houston/article/Federal-Judge-Lynn-Hughes-criticized-by-federal-13054643.php) and Texas Lawyer (https://www.law.com/texaslawyer/2018/07/05/fifth-circuit-criticizes-houston-federal-judge-for-alleged-sexist-remarks/).

Hughes had dismissed the fraud case against the owner of an adoption agency because of prosecution discovery mistakes that included withholding a document file until the eve of trial.

"It was lot simpler when you guys wore dark suits, white shirts and navy ties," Hughes said. "We didn't let girls do it in the old days." Hughes said there were 79 docket entries in the 3-year-old case, and a continuance to allow the defense to review the documents would be "too much delay."

"You're supposed to know what you're doing. You're supposed to be the one thinking of stuff," Hughes told the prosecutor. He dismissed the case with prejudice.

In a footnote, the 5th Circuit noted that the lawyer for adoption agency owner Simone Swenson had suggested Hughes might have been speaking about other women at the hearing, rather than prosecutors, "Regardless," the footnote said, "such comments are demeaning, inappropriate, and beneath the dignity of a federal judge."

The 5th Circuit said Hughes never expressly determined whether the prosecution's late release of the files was motivated by bad faith. "It does not appear that the district court attributed ill intent to the prosecution," the appeals court said. "If anything, it seems the district court attributed the government's mistakes to the prosecutor's sex."

Nor had the defense shown that the late release of the documents created actual prejudice, the appeals court said. The dismissal with prejudice was an abuse of discretion, the appeals court concluded.

Judge Edith Brown Clement wrote the panel decision in the case, *United States v. Swenson*. The adoption agency owner was accused of fraud for allegedly keeping money she had collected from two prospective families that she had matched with the same birth mother.

Hughes told the Houston Chronicle his comment was a snide comment addressed to FBI agents. "As the transcription shows, after I addressed the prosecutor I talked to an FBI agent about poorly dressed agents," Hughes said. "The prosecutor supplied a quotation to the court of appeals that had been cut to make it appear that I was talking to her. The remark derogated no one. It was about the exclusion of women historically. Then and now I do not approve of their exclusion. Incidentally the defense lawyer, government lawyers and FBI agent were all women."

Hughes has clashed with prosecutors in the past, though he targeted Justice Department lawyers he described as "pretentious." Hughes issued an "order on ineptitude" (http://www.abajournal.com/news/article/federal_judge_issues_order_on_ineptitude_in_prosecutor_benchslap/) because the lawyers had problems ordering a transcript. He also previously berated a male Justice Department lawyer for failing to wear a suit and tie after the lawyer arrived in the courtroom after an overseas flight.

A civil rights group had filed a complaint (http://www.abajournal.com/news/article/racism_complaint_filed_against_federal_judge_by_civil_rights_group/) against Hughes in 2013 for remarks in a discrimination case by an engineer who was born in India. Hughes said the engineer is Caucasian, saying: "That's where we came from. That's why Adolf Hitler used the swastika." Hughes stayed on the case ( http://www.abajournal.com/news/article/judge_stays_on_case_after_explaining_his_swastika_and_caucasian_comments_we/)

after explaining his remarks about the swastika were a historical reference to Hitler's adoption of a Sanskrit word for good luck, and his comment about Caucasians referenced the definition in anthropology.

In yet another discrimination case, the 5th Circuit upheld a ruling by Hughes but said he missed the racist implications (http://www.abajournal.com/news/article/judge_who_dismissed_racial_slur_claim_as_surprising_to_colonel_sanders_gets/) of a supervisor's remark that if Barack Obama were elected president, the Statue of Liberty's torch would be replaced by a piece of fried chicken. Hughes had said no black owns the sensitivity rights to fried chicken, and suggesting the term is a racial slur is "really surprising to Colonel Sanders."



Copyright 2019 American Bar Association. All rights reserved.